UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARGARET BENSON,                )
                                )
        Plaintiff                )
                                )
v.                              )       No. 2:16-cv-00114-DBH
                                )
WAL-MART STORES EAST INC,       )
                                )
        Defendant                )


## MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND AND MOTIONS FOR SANCTIONS

Eight days after the close of discovery in this case, the plaintiff filed a motion for leave to amend her complaint by adding a new count alleging unlawful retaliation in her employment with the defendant. Plaintiff's Motion to File a Second Amended Complaint ("Motion") (ECF No. 22). Oral argument was held before me on September 19, 2016, and the parties submitted additional evidence before the oral argument and thereafter, all without objection. Both parties have requested sanctions in the body of their briefs. Because the plaintiff has not shown good cause for her most recent request to amend her complaint, I deny the Motion; I also deny the parties' cross-motions for sanctions.

### I. Applicable Legal Standards

Federal Rule of Civil Procedure 16 governs pre-trial scheduling. The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of

1

> the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The First Circuit has explained that "[f]or Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (citation and internal quotation marks omitted).

In this case, the "good cause" standard applies, and it must be met with "substantial and convincing" evidence. While no motion for summary judgment has yet been filed, under this court's local rule the defendant has given notice of its intent to file one, and the plaintiff has done the same.

## II. Factual Background

On August 30, 2016, I granted the plaintiff's motion (ECF No. 18), filed on August 16, 2016, five days after the close of discovery, to extend the discovery deadline to September 26, 2016, but only for the completion of discovery initiated before August 11, 2016, the original discovery deadline. Report of Hearing and Order (ECF No. 29) at 2. The deadline for filing amended pleadings in this case was May 26, 2016. Scheduling Order (ECF No. 6) at 2.

On August 15, 2016, the defendant filed its notice of intent to file a motion for summary judgment (ECF No. 17), as required by this court's Local Rule 56. The plaintiff filed a similar notice on August 18, 2016. ECF No. 20.

The existing First Amended Complaint alleges discrimination in employment on the basis of disability in violation of state law, in two counts. Plaintiff's [First] Amended Complaint (ECF No. 9) at ¶¶ 29-39.

The plaintiff now seeks to add a count alleging retaliation for engaging in activity protected by the Maine Human Rights Act. Plaintiff's [Proposed] Second Amended Complaint (ECF No. 22-1) ¶¶ 49-53. Specifically, the plaintiff seeks to add 10 paragraphs of factual allegations and five allegations in an additional count. The factual allegations approximate the facts discussed by the plaintiff as the basis for her motion.

### III. Discussion

The plaintiff argues that she has good cause for this belated attempt to add a claim to her case, after the defendant had filed notice of its intent to file a motion for summary judgment, because "[r]ecent discovery in the present case provides sufficient evidence to establish the . . . elements [of a retaliation claim]." Motion at 2. Specifically, she relies on the deposition testimony, taken on August 4, 2016, of John Wayne Gottwald, the defendant's human resources manager for the store where the plaintiff works, among others, that on December 4, 2014, he received an email from the plaintiff complaining that her managers were illegally preventing her from coming back to work with physical restrictions set by her doctors. She asserts that Gottwald's "confirmation of receipt of the complaint" is evidence of the first element of a retaliation claim, that she engaged in protected conduct. *Id.*[1]

---

[1] For purposes of my analysis of this motion, I do not find it necessary to address the defendant's assertion that the plaintiff misrepresents some of the deposition testimony on which her motion relies. Defendant's Opposition to Plaintiff's Motion to Amend Complaint ("Opposition") (ECF No. 24) at 3-4. The plaintiff has not shown that she is entitled to add a new claim to her complaint at this stage of the proceedings, even were her interpretations of the testimony at issue correct.

The elements of a claim for unlawful retaliation under the Maine Human Rights Act ("MHRA") are (1) that the employee engaged in activity protected under the MHRA; (2) that the employee was subjected to an adverse employment action; and (3) that there is a causal connection between the protected activity and the adverse employment action. *Fuhrmann v. Staples*, 2012 ME 135, ¶ 15, 58 A.3d 1083, 1090.

The plaintiff does not explain why "confirmation of receipt" is necessary. She knew that she had sent the email that she wrote, and she would have been informed if the email could not be delivered. There was no need to wait for confirmation of receipt of the email in order to bring a claim for unlawful retaliation. Indeed, the plaintiff apparently did not ask for such confirmation at the time. The plaintiff had sufficient evidence to support the first element of a retaliation claim before she filed her initial complaint.

Moving to the second element of the claim, the plaintiff contends that Gottwald's testimony that he did not personally deal with the plaintiff's complaints and deposition testimony from Kathy Burns Egan, personnel coordinator at the store where the plaintiff worked, that the defendant could have placed the plaintiff in the position of "people greeter" at any time, combined with the defendant's "refusal" so to place the plaintiff on December 31, 2014, demonstrate the necessary adverse employment actions by the defendant. Motion at 2-3.

Again, the plaintiff knew before she filed her complaint that the defendant had refused to place her in the people greeter position in December 2014. She also knew that Gottwald had not responded favorably to her listed requests. Indeed, she knew that the defendant had not returned her to work in any capacity, despite her requests and complaints, until June 15, 2015. Plaintiff's

4

[First] Amended Complaint (ECF No. 9) ¶ 22. The plaintiff has not demonstrated a need to wait for the cited deposition testimony in order to be able to allege a claim for unlawful retaliation.[2]

The plaintiff has not demonstrated good cause, let alone by substantial and convincing evidence, for her belated attempt to add a claim for unlawful retaliation to this case.

### IV. Motions for Sanctions

The defendant's motion for sanctions is included in its opposition to the motion for leave to amend. Opposition at 9-10.[3] This violates Fed. R. Civ. P. 11(c)(2), which requires that a motion for sanctions "be made separately from any other motion." The opposition states:

> [O]n August 23, 2016, Defendant's counsel notified Plaintiff's counsel of the misrepresentations contained in the Motion and proposed Second Amended Complaint, and asked that he withdraw the Motion accordingly. Defendant's counsel further advised Plaintiff's counsel that he would seek relief under Rule 11 if Plaintiff did not withdraw her Motion.

*Id*. at 5-6 (citation omitted). The email that provided this notice, Exh. 9 to the Opposition, does not meet Rule 11's requirement that the motion for sanctions itself be served "under Rule 5," and, more seriously, it demands a response within one day, while the Rule requires that the party against whom the motion for sanctions will be asserted be given 21 days to correct the alleged sanctionable conduct.[4] Accordingly, the motion must be denied for its failure to comply with Rule 11(c)(2).

---

[2] I note that the plaintiff included in the complaint filed with the Maine Human Rights Commission ("MHRC") that preceded this action a claim of retaliation. Defendant's Exhibit 1, Letter dated July 7, 2015, from Kristen Klein, Esq. to Amy Sneirson, Executive Director, Maine Human Rights Commission, at 1, 5. At oral argument, the plaintiff attempted to explain the fact that a retaliation claim was pressed at the MHRC, but only appears in this action after the discovery deadline has passed, by contending that she could not include the claim in a complaint to a court without evidence that the plaintiff had actually been denied a position and that lawyers always "overclaim" before the MHRC as a discovery device. The plaintiff's belief that she had been denied a position was sufficient to support pleading the claim. I find the second justification unconvincing.

[3] In her reply, the plaintiff asks the court to "sanction Wal-Mart [for] its reckless allegations" in its motion for sanctions. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to File a Second Amended Complaint (ECF No. 25) at 2. This request fails to comply with Fed. R. Civ. P. 11(c)(2), which governs motions for sanctions, and is denied.

[4] I acknowledge that briefing on the motion for leave to amend the complaint had been accelerated, but there was no need to bring the motion for sanctions forward at the same time. Had there been such a need, the defendant could have sought a reduced response period from the court, in accordance with Rule 11(c)(2).

## V. Conclusion

For the foregoing reasons, the motion for leave to amend the amended complaint is **DENIED**. The defendant's motion for sanctions is **DENIED.** The plaintiff's request for sanctions is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 29th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge