UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARGARET BENSON, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:16-cv-114-DBH |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| DEFENDANT | ) | |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56(h)**

A Local Rule 56 pre-filing conference was held on February 15, 2017.

The plaintiff's First Amended Complaint sets forth two counts under the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq., alleging discrimination and failure to accommodate on the basis of disability. The lawyers informed me that they are aware of no Maine Law Court decisions bearing on the case and that they will be arguing federal disability discrimination law because the Law Court generally follows federal law on this topic. At the conference, the plaintiff's counsel clarified that she is asserting that the plaintiff was both disabled and regarded as disabled. I drew the parties' attention to the ADA Amendments Act of 2008, P.L. 110-325 (S. 3406), its resulting regulations, and later court decisions as they pertain to a defense that a temporary limitation is not legally disabling.

I understand that the only economic damages are the lost wages during the plaintiff's unpaid leave, and the parties should be able to stipulate the length

of that leave and the lost wages.  The plaintiff is now back at work and receiving wages.

The plaintiff's lawyer also articulated how the count for disability discrimination differs from the failure-to-accommodate count.  Specifically, on the discrimination claim the plaintiff states that she was denied consideration for a clerical position that she says became available while she was on unpaid leave.  She also claims that after her return to work, her managers treated her in a hostile manner.  The defendant disagrees with both assertions.  As to the clerical position, there may be an issue of a supervisor's authority to declare the position available.

On the failure-to-accommodate issue, the defendant says that it created a special position for the plaintiff (for workers compensation reasons) when it believed that her injury was work-related and, after deciding the injury was not work-related, withdrew that position because of its view that the accommodation principle of disability discrimination law does not require it to create a special position.  The plaintiff asserts that her injury was work-related and, even if it was not, the defendant failed to fulfil its obligation to make a reasonable accommodation.

The parties agreed to the following schedule:

> By March 17, 2017, the defendant shall file its motion for summary judgment with supporting materials in accordance with Local Rule 56.

By April 17, 2017, the plaintiff shall file her response in accordance with Local Rule 56.

By May 5, 2017, the defendant shall file any reply.

**SO ORDERED.**

**DATED THIS 17TH DAY OF FEBRUARY, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**